UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHACHA FERDINAND KORA, | ) |
| Plaintiff, | ) 3:09-CV-00176-RCJ-VPC |
| v. | ) |
| RENOWN HEALTH, | ) **ORDER** |
| Defendant. | ) |

Currently before the Court is Defendant Renown Health's ("Renown") Motion to Dismiss Plaintiff's Complaint (#49) filed on January 25, 2010. Plaintiff Chacha Ferdinand Kora ("Plaintiff") filed an Opposition (#54) on February 1, 2010, and Renown filed a Reply (#56) on February 8, 2010.

Also pending before the Court is Plaintiff's Motion to Supplement Evidence (#60) filed on February 16, 2010. Renown filed a Response to Motion to Supplement Evidence (#62) on February 24, 2010.

## BACKGROUND

This case arises from an alleged wrongful termination and failure to pay wages claim brought by Plaintiff against Renown. Plaintiff filed an Amended Complaint in this action on January 6, 2010.[1] According to the allegations in the Amended Complaint, Plaintiff was employed at Renown from October 1, 2008 to February 25, 2009, as a public safety officer. In that position, Plaintiff was under the supervision of Jimmie Starnes ("Starnes") and Warren Lee ("Lee"). The Amended Complaint states that prior to his employment at Renown, Renown

---

[1] The Amended Complaint is erroneously titled Motion for Leave to Amend Complaint. See Document (#48).

required Plaintiff to undergo a physical and tuberculosis test on September 8, 2009. According to Plaintiff, during the physical test, Plaintiff informed the medical personnel performing the test that he had a "medical condition" and that he "was going to have corrective surgery" once he secured medical insurance with Renown. Plaintiff states that he passed the physical test and was told that he would be able to perform the duties of a public safety officer.

In the early morning of December 26, 2008, while working at Renown as a public safety officer, Plaintiff states that he was called to do "cross walk duty." According to Plaintiff, during "cross walk duty," the public safety officer is required to help employees cross the street. Each duty is for an hour. Plaintiff states that when he was called for cross walk duty, the temperature outside was 15 degrees. As a result, Plaintiff went to the security office and asked his lead officer, Tammy Montiero ("Montiero") if he could be relieved of cross walk duty after 45 minutes because of the cold. According to Plaintiff, he informed Montiero that at such a low temperature his fingers and toes got cold and numb. Plaintiff states that after he made the request, Montiero asked him: "What makes you think you are special?" and told Plaintiff that cross walk duty was part of his job.

Plaintiff states that following that conversation, Plaintiff attempted to perform the cross walk duty when he was stopped by Montiero and another individual. According to Plaintiff, Montiero told him to go home and to not return to work until he had a doctor's note permitting him to work. Montiero informed Plaintiff that she had been instructed to send him home by Plaintiff's supervisor, Starnes, who stated that if Plaintiff's fingers and toes froze at that temperature than Plaintiff suffered from a medical condition which prevented him from doing his job duties.

Plaintiff states that he was unhappy about being sent home and returned to Renown later to speak to Starnes. According to Plaintiff, during a telephone conversation, Starnes asked Plaintiff if he had a medical condition and Plaintiff responded "yes, but it has nothing to do with my fingers and toes freezing in low temperature." Starnes then informed Plaintiff that he could not have Plaintiff working with a medical condition without a doctor's note.

///

Following his conversation with Starnes, Plaintiff went to speak to Tanya Rippeth ("Rippeth") at Renown's human resources department. Plaintiff states that he asked Rippeth if he could continue to work while he made an appointment to get a doctor's note regarding his medical condition. Rippeth denied this request and gave Plaintiff a medical release form to be filled out by his doctor. Plaintiff returned the completed form to Renown on December 29, 2008.

Approximately two months later, Plaintiff states that he was called to Starnes' office for a meeting with Starnes and Lee. At that meeting, Lee stated that he needed to talk to Plaintiff about some "of the behavior that has been happening." According to Plaintiff, Lee informed Plaintiff that Plaintiff improperly left work thirty minutes early on three days: February 9, 10, and 11. In addition, Lee stated that Plaintiff failed to properly record a patient restraint Plaintiff conducted on February 23, and that Plaintiff was observed on February 24 failing to perform his job duties. Specifically, Lee stated that a lead officer observed Plaintiff reading a book while several doors were unsecured. Lee then informed Plaintiff that as a result of the foregoing, Plaintiff's "employment at Renown [was] terminated immediately." Lee then gave Plaintiff a termination letter.

According to the allegations in the Amended Complaint, Plaintiff asserts that on December 26, 2008, Starnes, Rippeth and Lee did not want Plaintiff "to work at Renown" because of his "medical condition" and that they "fabricated the reasons" for his termination on February 25, 2009. Plaintiff states that as a result of his termination, he was not able to have surgery and he is now suffering from pain in his right kidney. According to Plaintiff, the foregoing individuals knew that Plaintiff needed his insurance in order to have his surgery.

As a result of the foregoing, Plaintiff filed three claims for relief in his Amended Complaint against Renown including: (1) violations of the Fair Labor Standards Act; (2) violations of NRS 608.190; and (3) violations of NRS 613.330. Renown now moves to dismiss the NRS 613.330 claim asserted against it.

## DISCUSSION

NRS 613.330 states that it is an unlawful employment practice to discriminate on the basis of race, color, religion, sex, sexual orientation, age, disability or national origin. In

3

Plaintiff's Amended Complaint, his claim for violation of NRS 613.330 states that Plaintiff was wrongfully terminated because of his medical condition. As such, it appears that Plaintiff is making a claim under NRS 613.330 for disability discrimination.[2]

Renown moves to dismiss Plaintiff's NRS 613.330 claim on the ground that Plaintiff failed to exhaust his administrative remedies. (Motion to Dismiss (#49) at 2). According to Renown, although Plaintiff recently filed a charge of discrimination with the Nevada Equal Rights Commission ("NERC"), this claim is time-barred because it was filed outside the 180-day deadline provided under Nevada law. In response, Plaintiff asserts that his claim should not be dismissed because he filed his charge of discrimination within 300 days of the date of his termination.[3]

Under NRS 613.330(1), it is an unlawful employment practice to discharge any individual because of his or her disability. NRS 613.420 requires an employee alleging employment discrimination to exhaust his administrative remedies by filing a complaint with NERC before filing a district court action. Pope v. Motel 6, 121 Nev. 307, 311, 114 P.3d 277 (Nev. 2005); see also Palmer v. State Gaming Control Bd., 106 Nev. 151, 153, 787 P.2d 803 (1990)(holding that the Nevada Legislature intended plaintiffs to administratively exhaust employment discrimination claims "prior to seeking redress in the district courts"). According to the Nevada Supreme Court, "the 'exhaustion of administrative remedies is necessary to prevent the courts from being inundated with frivolous claims.'" Id. (quoting Palmer, 106 Nev. at 153, 787 P.2d at 803).

Although the Nevada antidiscrimination statutes "have laudable goals and will be broadly construed," NRS 613.430 "prohibits the bringing of such actions after 180 days from

---

[2] Plaintiff has not brought a claim under the Americans with Disabilities Act. His only federal claim is for violation of the Fair Labor Standards Act.

[3] Renown disputes that Plaintiff filed his charge of discrimination within 300 days from his February 25, 2009 termination. As noted, his NERC charge was filed on December 23, 2009. Based on this, Renown argues that Plaintiff's charge exceeds 300 days.

4

the date of the act complained of."[4] Copeland v. Desert Inn Hotel, 99 Nev. 823, 825, 673 P.2d 490 (Nev. 1983).

In this case, the Court finds that under NRS 613.430, Plaintiff's claim for violation of NRS 613.330 should be dismissed. As noted by Renown, Plaintiff alleges that his termination on February 25, 2009 was based on unlawful discrimination. Under Nevada law, Plaintiff had 180 days to file a charge of discrimination with NERC based on such a claim. Thus, Plaintiff had until August 24, 2009, to file his charge of discrimination. However, Plaintiff did not file his charge of discrimination until December 23, 2009 - nearly four months past the deadline.

Despite the time limit imposed by NRS 613.430, Plaintiff argues that his charge of discrimination is timely because it was filed within 300 days of his termination. This argument is without merit. The 300-day limitation period only applies to charges made to the EEOC after a charge of discrimination has been timely filed with a state agency like NERC.[5] See 42 U.S.C. § 2000e-5. Here, Plaintiff's charge of discrimination was not timely filed with NERC. As such, the 300-day limitation period for filing an EEOC complaint does not apply. Moreover, Plaintiff failed to comply with the 300-day limitation period. As noted in his Amended Complaint, Plaintiff was "terminated immediately" on February 25, 2009. (Amended Complaint (#48) at 5). Based on this termination date, over 300 days elapsed before he filed his charge of discrimination with NERC.

In addition to the foregoing, Plaintiff filed a Motion to Supplement Evidence in Support of his Opposition (#60). In this motion, Plaintiff argues that his actual termination date was

---

[4] However, "[w]hen a complaint is filed with the Nevada Equal Rights Commission the limitation provided by [NRS 613.430] is tolled as to any action authorized by NRS 613.420 during the pendency of the complaint before the Commission." NRS 613.430. This tolling does not apply in this matter because Plaintiff failed to file his charge of discrimination with NERC within 180 days in order to toll the period in which he could bring a lawsuit on the charge.

[5] 42 U.S.C. §2000e-5(e), like NRS 613.430, creates a 180-day limitations period to file a charge of discrimination under the ADA with the EEOC. However, federal law extends the filing period to 300 days if a plaintiff filed a charge with an appropriate state agency. See Sosa v. Hiraoka, 920 F.2d 1451, 1455 (9th Cir. 1990).

5

February 26, 2009, and not February 25, 2009.[6] According to Plaintiff, his termination was not approved by human resources until the 26th, and his final check was issued on the 26th. As such, Plaintiff argues that his charge of discrimination filed with NERC was timely. Despite the addition of this evidence, Plaintiff's charge of discrimination is still untimely under NRS 613.430. As noted, that statute requires that a charge of discrimination be filed with NERC within 180 days after the alleged discriminatory action. Thus, even if Plaintiff's termination was not effective until February 26th, he still failed to comply with the Nevada statutory period. In addition, Plaintiff's Amended Complaint repeatedly refers to his termination as occurring on February 25th. In fact, Plaintiff asserts that he was told on February 25th that his employment was "terminated immediately." Moreover, Plaintiff's termination letter states that his termination was effective on February 25th and was signed on that date.

Thus, based on the foregoing, the Court finds that Plaintiff's discrimination claim brought under Nevada law should be dismissed on the ground that Plaintiff failed to exhaust his administrative remedies. Plaintiff did not file a timely charge of discrimination with NERC before bringing the claim before this Court.

### CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendant Renown's Motion to Dismiss (#49) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Supplement Evidence (#60) is GRANTED.

DATED: This 24th day of June, 2010.

_____
United States District Judge

---

[6] The Court will GRANT Plaintiff's motion to supplement evidence.