1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CHACHA FERDINAND KORA,          )
                                )
          Plaintiff,            )
                                )
     v.                         )          3:09-cv-176-RCJ-VPC
                                )
                                )          **ORDER**
RENOWN HEALTH,                  )
                                )
          Defendant.            )
                                )
_____

          Currently before the Court is Defendant Renown Health's ("Renown") Motion for Summary Judgment (#75) filed on September 13, 2010.  Plaintiff Chacha Ferdinand Kora ("Plaintiff") filed an Opposition to Defendant's Motion for Summary Judgment (#77) on September 27, 2010, and Renown filed a Reply (#78) on October 13, 2010.  The Court heard oral argument on April 18, 2011.

**BACKGROUND**

          This case arises from an alleged failure to pay overtime wages brought by Plaintiff against Renown.  This Court has previously granted two limited motions to dismiss filed by Renown.  In this Court's previous orders, the Court dismissed Plaintiff's claims for emotional distress damages and wrongful termination.  As a result, only two claims currently remain pending before this Court: (1) an alleged violation of the Fair Labor Standards Act for failure to pay three hours of overtime; and (2) alleged willful failure to pay wages under NRS 608.190.

          Plaintiff filed an Amended Complaint in this action on January 6, 2010.  According to the allegations in the Amended Complaint, Plaintiff was employed at Renown from October 1, 2008 to February 25, 2009, as a public safety officer.  On February 25, 2009, Plaintiff

1  alleges he was wrongfully terminated because of a medical condition.[1]

2     In his Amended Complaint, Plaintiff asserts a claim for damages under the FLSA. As
3  to that claim, Plaintiff states that Renown intentionally deleted three hours from his paycheck,
4  which resulted in the failure to pay him for that time. (Am. Compl. (#48) at 8). As a result,
5  Plaintiff seeks judgment against Renown in the amount of $49.50 "for violation of the Fair
6  Labor Standards Act." *Id.* Plaintiff also seeks damages under NRS 608.190 for Renown's
7  alleged refusal to pay wages based on the same incident. *Id.* Finally, Plaintiff seeks damages
8  for the "[c]ost of surgery in the amount of $67,000" and the pain Plaintiff had to go through on
9  his right kidney for not having surgery "in the amount of $67,000."[2] *Id.*

10    Renown has moved for summary judgment on the two remaining claims pending in this
11 action. According to Renown, summary judgment is appropriate because "Renown has
12 already compensated Kora above and beyond the amounts allegedly owed to Kora under the
13 two statutes in question." (Mot. for Summary Judgment (#75) at 2). In this regard, Renown
14 states that after it learned it had made a mistake in calculating Plaintiff's hours during the
15 relevant time period, Renown sent Plaintiff a check for $314.44 - well over the $49.50
16 requested by Plaintiff. *Id.* at 14. The $314.44 amount included payment not only for the three
17 hours of overtime sought by Plaintiff in this lawsuit, but also payment for an entire 12-hour shift
18 worked by Plaintiff on February 8, 2009, for which Plaintiff was not seeking payment. *Id.*

19                                    **DISCUSSION**

20 **I. Legal Standard**

21    A court will grant summary judgment "if the movant shows that there is no genuine
22 dispute as to any material fact and the movant is entitled to judgment as a matter of law."
23 Fed.R.Civ.P. 56(a). Summary judgment is not proper if material factual issues exist for trial.

25   [1] The bulk of the allegations asserted in Plaintiff's Amended Complaint relate to his wrongful termination claim, which this Court has already dismissed as time barred.

26   [2] Plaintiff does not assert any valid cause of action for his damage claims relating to his
27 kidney surgery. At a previous hearing, Plaintiff informed the Court that he sought this amount because he lost his health insurance following his termination from Renown. During that
28 hearing, the Court noted that those damages were not compensable under the FLSA and that Plaintiff had not stated a legitimate claim entitling him to such relief.

1  Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995).

2      The moving party has the burden of establishing the absence of a genuine issue of

3  material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265

4  (1986).  If the moving party shows the absence of a genuine issue of material fact, the

5  nonmoving party must go beyond the pleadings and identify facts which show a genuine issue

6  for trial.  Id. at 324, 106 S.Ct. 2548.  A nonmoving party cannot defeat summary judgment by

7  relying on the allegations in the complaint, or with unsupported conjecture or conclusory

8  statements.  Hernandez v. Spacelabs Med., Inc., 343 F.3d 1107, 1112 (9th Cir. 2003).  Thus,

9  summary judgment should be entered against "a party who fails to make a showing sufficient

10  to establish the existence of an element essential to that party's case, and on which that party

11  will bear the burden of proof at trial."  Celotex, 477 U.S. at 322, 106 S.Ct. 2548.

12      The court must view the evidence in the light most favorable to the nonmoving party.

13  Bell v. Cameron Meadows Land Co., 669 F.2d 1278, 1284 (9th Cir. 1982).  All reasonable

14  doubt as to the existence of a genuine issue of fact should be resolved against the moving

15  party.  Hector v. Wiens, 533 F.2d 429, 432 (9th Cir. 1976).  Where different ultimate inference

16  may be drawn, summary judgment is inappropriate.  Sankovich v. Life Ins. Co. of N. Am., 638

17  F.2d 136, 140 (9th Cir. 1981).  However, deference to the nonmoving party has limits.  The

18  nonmoving party must set forth specific facts showing a genuine issue for trial.  Fed. R. Civ.

19  P. 56(c)(1).  The "mere existence of a scintilla of evidence in support of plaintiff's position [is]

20  insufficient."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d

21  202 (1986).  Therefore, where "the record taken as a whole could not lead a rational trier of

22  fact to find for the nonmoving party, there is no genuine issue for trial."  Matsushita Elec.

23  Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538

24  (1986)(internal quotation marks omitted).

25  **II.  Plaintiff's Amended Complaint**

26      As noted, Plaintiff seeks $49.50 under the FLSA and NRS 608.190 on the basis that

27  Renown failed to pay Plaintiff for three overtime hours.  Renown moves for summary judgment

28  on these claims asserting it has already compensated Plaintiff above and beyond the amounts

3

1    allegedly owed to him under either statute.

2         According to Renown, Renown erred in calculating the hours Plaintiff worked on three

3    days - February 9, 10 and 11, of 2009 - because of a timekeeping mistake made by Plaintiff

4    when he failed to "punch in" during the start of one of his shifts.  In their motion, Renown

5    provides evidence that Plaintiff, as a non-exempt employee, was subject to Renown's

6    electronic time reporting requirements and was required to clock in and out at the beginning

7    and end of his shifts using the KRONOS timekeeping system.  (Mot. for Summary Judgment

8    (#75) at 4).  According to Renown, it has a policy that requires employees to report time

9    worked by swiping their badges through a time bank reader at the beginning and end of their

10   shifts.  On the three days in question, Plaintiff was scheduled to work from 6 p.m. to 6:30 a.m.

11   the next morning.  In accordance with this schedule, Plaintiff's first punch for each shift

12   between February 9, 2009 and February 11, 2009, (the "in punch") should have been at

13   approximately 6 p.m. on one day, and his second punch for the shift (the "out punch") should

14   have been at approximately 6:30 a.m. on the following day.  (Mot. for Summary Judgment

15   (#75) at 7).  Despite this, Plaintiff's time card for the three days in question was not consistent

16   with this schedule.  Rather, on February 9, 2011, Plaintiff's "in punch" states 6:23 a.m. and his

17   "out punch" reads 5:53 p.m - for a total of 11 hours worked.[3]  On February 10, 2009, Plaintiff

18   punched in at 6:23 a.m. and punched out at 5:53 p.m., and on February 11, 2009, Plaintiff

19   punched in at 6:23 a.m. and punched out at 6:01 p.m.  The time card was incorrect because

20   it reflected that Plaintiff had worked a day shift on February 9, 10, and 11, 2009, when he had

21   actually worked the night shift.  In addition, the time card was inconsistent with the schedule

22   for that period, which required Plaintiff to work between 6 p.m. and 6:30 a.m. on February 9,

23   10 and 11, 2009.  Based on this time card error, Renown only paid Plaintiff for the 11 hours

24

25

26

27        [3] Employees are not required to swipe their badges during their thirty minute shift break.

28

1    a day recorded on the card.[4]

2         On March 6, 2009, approximately two weeks after his erroneous paycheck was issued,

3    Plaintiff filed a complaint against Renown in the Second Judicial District Court of the State of

4    Nevada, asserting a violation of the FLSA and claiming emotional distress damages.  (Pet. for

5    Removal (#1) at Ex. 1).  Renown was served with Plaintiff's complaint on March 17, 2009.

6    (Notice (#6) at Ex. B).   In his initial complaint, Plaintiff alleged that Renown owed him $33.00

7    for unpaid overtime.   Once served with the complaint, Renown states that it investigated

8    Plaintiff's claim and realized the discrepancy in Plaintiff's time entries.  (Mot. for Summary

9    Judgment (#75) at Ex. 1, Poertner Decl. at p. 2).   Based on its investigation, Renown

10   concluded that Plaintiff had actually worked on February 8, 2009, but had neglected to clock

11   in at 6 p.m. on February 8, 2009.  *Id.*  As a result, Plaintiff's "out punch" at 6:23 a.m. on

12   February 9, 2009, (which would usually be the end of his shift), had been deemed to be an "in

13   punch" by the KRONOS system.  This resulted in a miscalculation of Plaintiff's time for both

14   that date and his next two shifts.  Specifically, the "in punches" at 6:23 a.m. which were

15   recorded as the start of Plaintiff's shifts for those days, should have been logged as "out

16   punches."  Following the investigation, Renown realized that it owed Plaintiff for three hours

17   of work because he was only paid for an 11 hour shift on February 9, 10 and 11, even though

18   he actually worked 12 hours.  Accordingly, Renown states that it manually added an "in punch"

19   for 6 p.m. on February 8, 2009 so that KRONOS could properly calculate Plaintiff's hours.  *Id.*

20        On April 7, 2009, approximately three weeks after being served with Plaintiff's

21   complaint, Renown sent Plaintiff a letter, enclosing a check in the gross amount of $314.44,

22

23        [4] Renown states that the error on the time card occurred because Plaintiff did not
     correctly "punch in" on his first shift. According to Renown, the KRONOS system tracks pairs
24   of punches (in and out punches) and, if an employee misses an in-punch, the system will get
     confused. In this case, Renown states that because Plaintiff missed his initial in-punch, the
25   KRONOS system logged his out punch on February 9, 2009, as an in punch at 6:23 a.m.,
     even though that should have been the end of his shift. Thus, under the KRONOS system,
26   Plaintiff's time card erroneously stated the beginning and end of his shifts - resulting in an 11
     hour work shift rather than 12.  Neither Plaintiff nor Renown noticed this mistake until after
27   Plaintiff was issued his paycheck for that pay period.  Renown concedes that this is an
     "inherent limitation in the system," but states that it has a policy that employees verify their
28   time card in order to alleviate this type of problem from occurring.  (*See* Mot. for Summary
     Judgment (#75) at 8).

1
2
3
4
5

which Renown determined was owed to Plaintiff as a result of the error on the KRONOS system. (Mot. for Summary Judgment (#75) at Ex. 17). The $314.44 represented payment for 3.5 regular hours and 11.5 overtime hours - which included the 1 hour extra per day owed to Plaintiff for shifts starting on February 9, 10 and 11, 2009, and his 12 hour shift on February 8, 2009.

6
7
8
9
10
11
12
13
14
15
16
17

As noted in the foregoing, Plaintiff filed an FLSA claim and a claim under NRS 608.190 for failure to pay wages based on the foregoing incident. Renown argues that summary judgment is appropriate on these claims because Renown has paid Plaintiff for the missed time. Thus, Plaintiff cannot state any claim for damages under either statute. In addition, Renown argues that liquidated damages are not appropriate under the FLSA because the discrepancy in Plaintiff's overtime pay resulted from an inadvertent calculation error originating when Plaintiff failed to properly "punch in" on February 8, 2009. Renown argues that it investigated Plaintiff's claim for unpaid wages in a timely manner and paid Plaintiff the amount owed within three weeks after receiving Plaintiff's complaint. Finally, Renown states that Plaintiff cannot state a claim for liquidated damages because Renown already paid Plaintiff $314.44, which is well over the $99.00 he would be entitled to under the statute if the Court exercised its discretion and awarded such damages.

18
19
20
21
22
23
24

As to Plaintiff's NRS 608.190 claim, Renown argues that it is entitled to summary judgment on this claim because it paid Plaintiff his wages after it learned of the mistake, and also because there is no private right of action under that statute. According to Renown, under Nevada's labor laws, the Nevada Legislature has delegated the enforcement power as to NRS 608.190 to the Labor Commissioner. Because the Labor Commissioner is charged with enforcing the labor laws of the State of Nevada, Renown asserts that Plaintiff lacks standing to pursue this claim.

25
26
27
28

In his opposition to Renown's motion, Plaintiff does not address the merits of Renown's

6

1   arguments.[5]  Rather, Plaintiff asserts that he "has never missed a punch the whole time he

2   worked for defendant."  (Opp'n (#77) at 2).  In addition, Plaintiff states that his supervisor,

3   Starnes "was concern [sic] about the rumblings that Starnes had heard from other officers that

4   Plaintiff had mention [sic] that Plaintiff had sued his previous employer and Starnes should

5   watch his step with Plaintiff which Starnes did."  *Id.* at 2-3.  In addition, Plaintiff asserts that

6   Starnes was concerned because Starnes "was told to watch his step that Plaintiff will sue

7   Renown."  *Id.*  As to the merits of the two claims currently pending, Plaintiff merely states that

8   the FLSA and NRS 608.190 claims "should not be dismissed because Defendant willfully

9   violated both action and Plaintiff was issued a notice of suit rights for both actions by EEOC."[6]

10  *Id.*

11       **A.  FLSA**

12       Section 207 of the FLSA provides that an employer shall not employ any of his

13  employees "for a workweek longer than forty hours unless such employee receives

14  compensation for his employment in excess of the hours above specified at a rate not less

15  than one and one-half times the regular rate at which he is employed."  29 U.S.C. §  207.

16  Section 216 provides the damages available for a violation of section 207.  That provision

17  states that any employer who violates section 207 "shall be liable to the employee or

18  employees affected in the amount of their unpaid minimum wages, or their unpaid overtime

19  compensation, as the case may be, and in an additional equal amount as liquidated

20  damages."  29 U.S.C. § 216(b).  However, if the employer shows to the satisfaction of the

21  court that the act or omission giving rise to such action was in good faith and that the employer

22  had reasonable grounds for believing that the act or omission did not violate the FLSA, the

23  court may, "in its sound discretion, award no liquidated damages[.]" 29 U.S.C. § 260; *Bratt v.*

24

25       [5] Plaintiff's opposition is centered on the argument that he was wrongfully terminated
26  because of his "medical condition" and because Starnes had heard that Plaintiff had sued his
    previous employer.  However, this Court has already dismissed Plaintiff's wrongful termination
27  claim on the grounds that it is time barred.

28       [6] The claim asserted in Plaintiff's EEOC charge was dismissed by this Court as time
    barred.

1   *County of Los Angeles*, 912 F.2d 1066, 1071 (9th Cir. 1990); *Nash v. Resources, Inc.*, 982

2   F.Supp. 1427, 1436 (D. Or. 1997).   The employer bears the burden of showing that the

3   violation of the FLSA was in good faith and that the employer had reasonable grounds for

4   believing that no violation took place.  *See Bratt*, 912 F.2d at 1071.

5       In this matter, Renown has provided evidence that it paid Plaintiff for the three hours

6   of compensation at issue in this case.  In addition, liquidated damages are not appropriate

7   under the statute.   Renown has asserted and Plaintiff has not controverted that Renown's

8   failure to pay Plaintiff for three hours of work on February 9, 10, and 11, 2009, was due to a

9   miscalculation by Renown's KRONOS system when Plaintiff failed to correctly punch in on his

10  first shift for that week.  As such, Renown had reasonable grounds for initially believing that

11  no violation had taken place.  In addition, from the evidence presented, Renown acted in a

12  timely manner after receiving Plaintiff's FLSA complaint in investigating the matter and paying

13  Plaintiff for the missed hours.  Therefore, the Court denies an award of liquidated damages

14  in this case and enters summary judgment for Renown.

15      **B.  NRS 608.190**

16      Plaintiff has also asserted a claim under NRS 608.190.  That statute provides that a

17  person "shall not willfully refuse or neglect to pay wages due and payable when demanded as

18  provided in this chapter."  As noted, Renown moves for summary judgment on this claim on

19  the grounds that it paid Plaintiff for the three hours of missed compensation when it

20  investigated and learned that KRONOS had miscalculated Plaintiff's time and also because

21  NRS 608.190 does not create a private right of action.  Plaintiff did not address the merits of

22  Renown's arguments in his opposition.

23      In this matter, the Court grants summary judgment to Renown on Plaintiff's NRS

24  608.190 claim.  Renown paid Plaintiff for the unpaid compensation as soon as it learned about

25  the mistake in its time keeping system.  In addition, NRS 608.190 does not create a private

26  right of action. In this regard, NRS 608.180 expressly provides that the "Labor Commissioner

27  or the representative of the Labor Commissioner shall cause the provisions of NRS 608.005

28  to 608.195, inclusive, to be enforced . . . ."  That provision further provides that "upon notice

1   from the Labor Commissioner" either the district attorney, Deputy Labor Commissioner,

2   Attorney General or special counsel "shall prosecute the action for enforcement according to

3   law."[7]  NRS 608.180.

4          In this case, Plaintiff does not dispute that NRS 608.190 does not provide for a private

5   cause of action. In addition, NRS 608.180 specifically delegates the responsibility of enforcing

6   NRS 608.190 to the Labor Commissioner and other public officials.  Therefore, Plaintiff lacks

7   standing to pursue a private action under this provision, and summary judgment is appropriate.

8                                        **CONCLUSION**

9          For the foregoing reasons, IT IS ORDERED that Renown's Motion for Summary

10  Judgment (#75) is GRANTED.

11

12          DATED: This 25th   day of April, 2011.

13

14                                          _____
                                            United States District Judge
15

16

17

18

19

20

21

22

23

24

25

26

27   _____

28   [7] The Nevada Supreme Court has held if the Legislature expressly charges an
     administrative official with enforcing a section of laws, a private cause of action generally
     cannot be implied.  *Baldonado v. Wynn Las Vegas, LLC*, 194 P.3d 96, 102 (Nev. 2008).

9